**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

**RONALD AUSTIN MOSELEY, #132340** )
                                               )
      **Plaintiff,**                      )
                                               )
**VS.**                                           )     **CASE NO.: 2:06-CV-539-MHT**
                                              )
**ARTHUR HORTON, et al.**           )
                                              )
      **Defendant.**              )

## SPECIAL REPORT

     **COME NOW**, the Defendants, **Arthur Horton, Felisha Blanding, Kendrick Boyd, Charles Bromley, and Wesley Mitchell,** by and through Attorney General Troy King via undersigned counsel, and in accordance with this Honorable Court's Order of June 26, 2006, do hereby submit the following Special Report.

### PARTIES

1.   The Plaintiff, Ronald Austin Moseley, AIS# 132340 (Mr. Moseley), is an Alabama Department of Corrections (ADOC) prisoner, incarcerated in the Elmore Correctional Facility (Elmore) in Elmore, Alabama.

2.   Plaintiff has named the following Defendants:

    a. Arthur Horton (Sgt. Horton), Correctional Officer II (COII), is employed by the ADOC at Elmore. At all times relevant to this matter Sgt. Horton was employed by the ADOC at Elmore.

b. Felisha Blanding (Sgt. Blanding), COII, is employed by the ADOC at Elmore. At all times relevant to this matter Sgt. Blanding was employed by the ADOC at Elmore.

c. Kendrick Boyd (Boyd), Correctional Officer I (COI), is employed by the ADOC at Elmore. At all times relevant to this matter Boyd was employed by the ADOC at Elmore.

d. Wesley Mitchell (Mitchell), COI, is employed by the ADOC at Elmore. At all times relevant to this matter Mitchell was employed at Elmore.

e. Charles Bromley (Lt. Bromley), Correctional Officer Supervisor I (COSI), is employed by the ADOC at Elmore. At all times relevant to this matter Lt. Bromley was employed at Elmore. However, he was working a different shift at the time the incident occurred. (See Ex. E.)

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

Plaintiff alleges that the Defendants violated his right to be free from cruel and unusual punishment, guaranteed by the Eighth Amendment of the United States Constitution. Plaintiff asks for relief in the form of declaratory judgment and $200,000,000.

## DEFENDANTS' EXHIBITS

1. Exhibit "A" - Affidavit of Sgt. Horton.
2. Exhibit "B" – Affidavit of Sgt. Blanding.
3. Exhibit "C" – Affidavit of Boyd.

4. Exhibit "D" – Affidavit of Mitchell.

5. Exhibit "E" – Affidavit of Lieutenant Charles N. Bromley (Lt. Bromley), Correctional Officer Supervisor I (COSI) at Elmore.

6. Exhibit "F" – Affidavit of Warden Willie J. Thomas (Warden Thomas), Warden III at Elmore.[1]

7. Exhibit "G" – ADOC Admin. Reg. 403 "Disciplinary Hearing Procedures for Major Rule Violations."

## DEFENDANTS' RESPONSE

1. It is in Elmore's penological interest to subdue inmates that are exhibiting aggressive behavior.

2. Plaintiff has failed to allege facts sufficient to support an excessive force claim.

3. Defendants named in their official capacities are immune by virtue of sovereign immunity.

4. Defendants named in their individual capacities are immune by virtue of qualified immunity.

5. Defendants deny violating Plaintiff's constitutional rights.

6. Plaintiff has failed to state a claim upon which relief can be granted.

7. Defendants request, pursuant to Fed. R. Civ. P. 12(c), that this Court consider this special report as a Motion for Summary Judgment as both parties have submitted affidavits in support of their positions and there are no material factual disputes.

---

[1] Warden Thomas has attached other exhibits to his Affidavit.

## STATEMENT OF FACTS

Mr. Moseley's claims arise from a sequence of events that occurred at Elmore on May 5, 2006.[2] The first incident occurred when Officer Frederick Woods (Officer Woods), a COI employed at Elmore, conducted a search of inmate James Thomas (Thomas) around 9:30PM.[3] During the search, Officer Woods found several blue oval shaped pills in Mr. Thomas's lockbox. (Ex. F, p. 1.) In an effort to destroy the pills, Officer Woods wrapped them in toilet paper, poured water on them, and placed them in a waste basket. (Ex. F, p. 1.) Next, prisoners testified that Officer Woods instructed Mr. Thomas to remove his shirt. (Ex. F, p. 63 & 66.) After Mr. Thomas complied, Officer Woods poured water on Mr. Thomas's back and subsequently ordered him to get a mop and clean it up. (Ex. F, p. 66.)

The second incident involved another prisoner, Anthony Crowe (Crowe), AIS# 24489, who observed Officer Woods pour water on Mr. Thomas. (Ex. F, p. 64.) Mr. Crowe then turned to another inmate and said something to him while pointing his finger at Officer Woods. (Ex. F, p. 64.) Officer Woods responded by escorting Crowe to "the cube." (Ex. F, p. 64.) Once inside the cube, Officer Woods and Crowe began to "tussle," and Crowe was eventually subdued and handcuffed. (Ex. F, p. 64.) Crowe was treated for a cut on his brow near his eye. (Ex. F, p. 12.) Officer Woods was treated for a cut on his hand. (Ex. F, p. 13.)

---

[2] Defendants submit to the Court the most complete and unbiased version of the facts as determined by C.P. Barfoot, an officer in the ADOC's Investigation and Intelligence Division (I&I).
[3] Officer Woods is not a defendant in this action.

- 4 -

The third incident involves the Plaintiff, Mr. Moseley. At approximately 9:50PM, Mr. Moseley began shouting vulgarities at correctional officers in the B2-Dorm. (Ex. A, B, C, D, & F, pp. 3, 25, 35, 37, 43, 64, & 67.) Officer Mitchell responded by taking Mr. Mosley down, and escorting him to the holding area outside of the shift office. (Ex. F, p. 64.) Mr. Moseley again began to curse and shout vulgarities, and this time Sgt. Horton responded by subduing and handcuffing Mr. Moseley. (Ex. F, p. 64.) In Mr. Barfoot's report he states, "The majority of inmates that saw this incident stated that no unnecessary force was used by Officer Mitchell, and in the situation, inmate Moseley definitely needed to be removed from the dorm, as the situation could have easily turned into a riot." (Ex. F, p. 64.) Mr. Moseley was sent to the infirmary, and examined by a medical professional. (Ex. F, p. 14.) Mr. Moseley's body chart reveals that Mr. Moseley showed no sign of injury. (Ex. F, p. 14.) Notably, Mr. Moseley did not request treatment. (Ex. F, p. 14.)

The AODC held a hearing on May 10, 2006 and found Mr. Moseley guilty of violating Rule #56 Failure to Obey a Direct Order of ADOC Official and #57 Insubordination. (Ex. F, pp. 43-48.) See also (Ex. G.) Mr. Moseley filed this suit one (1) month and six (6) days later on June 176, 2006. Court Doc. #1).

Warden Thomas asked I&I to conduct a formal investigation into the events that occurred, noting that Officer Woods (a non-party to this suit) had been disciplined. (Ex. F, p. 33.)

## DISCUSSION OF PLAINTIFF'S CLAIMS

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). The Defendants have the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movants have met this burden, the Court must view the movants' evidence and all factual inferences arising from it in the light most favorable to the non-moving party. See Buskey v. Harsco Corp., 2000 WL 1196158, *1 (S.D. Ala.) citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); and Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir.1993). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Id. citing Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir.1992). Once movants have established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movants' prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movants are entitled to summary judgment. Id. This case is ripe for summary judgment because the Plaintiff cannot present substantial evidence that there is a genuine issue of material fact as to any of his claims and the Defendants are entitled to judgment as a matter of law.

**Sovereign Immunity**

Plaintiff does not specify whether he is suing Defendants Sgt. Horton, Sgt. Blanding, Officer Boyd, and Officer Mitchell (hereinafter collectively referred to as "Defendants"), in their official or individual capacities. The Defendants will address both. Defendants are state officials and are absolutely immune from suit for damages in their official capacities. Walker-El v. Naphcare Med. Servs., Inc., 432 F.Supp.2d 1264, 1268 (S.D.Ala. 2006) citing Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1277 (11th Cir.1998).

**Qualified Immunity**

"[Q]ualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " Dalrymple v. Reno, 334 F.3d 991, 994 (11th Cir.2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002)). In determining whether qualified immunity is appropriate in a given case, "[t]he court must first ask the threshold question whether the facts alleged, taken in the light most favorable to the plaintiffs, show that the government official's conduct violated a constitutional right." Dalrymple, 334 F.3d at 995 (citing Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). If Plaintiff's allegations do not establish a constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201, 121 S.Ct. 2151.

Mr. Moseley has failed to allege any facts supported by evidence that would establish a constitutional violation.

### Eighth Amendment Claim

For the purpose of summary judgment, Defendants will assume the following facts as stated by the Plaintiff are true. Plaintiff's recounts the events giving rise to his claim as follows:

> "I was standing in B2-Dorm telling Sgt. Horton about Off. Woods jumping on Inmate Crow, when Off. Mitchell snuck in behind the other Off's and jump on my back with his baton around my neck and slam me to the floor, damaging my back and neck, Off. Batton man tried to keep my head from hitting the bunk. Then I went to the shift office and was sitting there quite, when Off. Boyd told us to shut up, I told him I didn't say anything, then he jump up in my face, and the other Off's came around and Sgt. Blanding told me to shut up, I told her to shut the fuck up.  That's when Sgt. Horton shoulder hit me, Off. Boyd and the rest of them slam me to the floor kick me and stop me, handcuff me, kick me, shackle me and kick me, cause my feet was under the bench I couldn't move, wasn't trying too.  In the process they damage my back, neck, feet, hands."

(Court Doc. No. 1.) [All punctuation and spelling as in original].

Mr. Moseley's claim that Defendants violated his Eighth Amendment rights is without merit.  To determine whether excessive force was used on a prisoner in violation of his rights under the Eighth Amendment, the test is whether "force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson v. McMillan</u>, 106 S.Ct. 995, 999 (1992).

The Eleventh Circuit follows a two part test to determine whether a plaintiff has established a valid excessive force claim. Lanier v. Fralic, No. Civ.A.98-0923AHL, 2000 WL 1844679 *4 (11th Cir. 2000). The test has an objective and subjective component. Id. at *4 -5.  Mr. Moseley's excessive force claim cannot be maintained unless he establishes:

1. That he suffered injury that was objectively harmful enough to establish a constitutional violation, and

2. That subjectively, Defendants acted maliciously or sadistically to cause the Plaintiff harm.

Id. The court considers five factors in making this determination.

1. the extent of injury suffered;
2. the need for the application of force;
3. the relation between the need for force and the amount of force actually used;
4. the threat reasonably perceived; and
5. any efforts to temper the severity of a forceful response.

Id. at 7.

**Objective Component**

Mr. Moseley states that after he told Sgt. Blanton to shut the fuck up, he was punched, kicked, subdued and handcuffed by the Defendants. See (Court Doc. No. 1.) and (Ex. F, p. 23.) ("I told her to shut the fuck up…I would like … to apologize to the Sgt. for telling her to shut the fuck up. I was wrong for that.") To state a valid excessive force claim, an

inmate's injuries need not be significant, but must be more than *de minimis*. Harris v. Garner, 190 F.3d 1279, 1287 (11th Cir.); modified in part by Harris v. Garner, 216 F. 3d 970 (2000). Mr. Moseley offers no more than bare allegations that Defendants "damaged his back, neck, feet, [and] hands." See (Court Doc. No. 1) This is a much different statement than the one he made just after the incident took place on May 7, 2006 where he writes, "I told Nurse Middleton it wasn't anything wrong with me cause I don't want no trouble." (Ex. F, p. 23.) Mr. Moseley's body chart corroborates the latter statement. (Ex. F. p. 14.) (Mr. Moseley shows no sign of physical injury and does not voice any complaints.) Without injury, Mr. Moseley's claim against Defendants fails.

Mr. Moseley's claim that Defendants violated his Eighth Amendment rights when they allegedly kicked, punched, subdued, and handcuffed Mr. Moseley because he was shouting vulgarities in the presence of four or five officers and thirty (30) to forty (40) unruly inmates fails even if Mr. Moseley's Affidavit is admitted as fact. See (Ex. A, B, C, & D.) Mr. Moseley's Complaint alleges no injury upon which he can base a valid excessive force claim. Mr. Moseley alleges no suffering caused by the injuries. To state a valid excessive force claim, an inmate's injuries need not be significant, but must be more than *de minimis*. Harris, above.

The Eleventh Circuit has observed that injuries resulting from similar usage of force alleged by Mr. Moseley are too minor to support

the objective prong of the excessive force test. Lanier at *5 n.5. (citing as *de minimis* injuries: Markiewicz v. Washington, 1999 WL 196596 (7th Cir.1999) (a bruised shoulder from being shoved into a wall); Siglar v. Hightower, 112 F.3d 191 (5th Cir.1997) (a sore, bruised ear lasting three days); Williams v. Dehay, 1996 WL 128422 (4th Cir.1996) (transitory back and shoulder aches of limited duration); Schoka v. Swinney, 1995 WL 251126 (9th Cir.1995) (a 1.5 inch scratch on the back of the hand from handcuffs); Riley v. Dotson, 115 F.3d 1159 (4th Cir.1997) (a welt from a slap on the face); Lunsford v. Bennett, 17 F.3d 1574 (7th Cir.1994) (daily headaches without treatment from being hit with a water bucket); Norman v. Taylor, 25 F.3d 1259 (4th Cir.1994) (A sore and swollen thumb from being hit with keys)). See also Santiago v. Semenza, 965 F. Supp. 468, 472 (S.D.N.Y. 1997) (holding that an officer's striking an insubordinate prisoner in the face causing bruising was not excessive force). Mr. Moseley's allegations of injuries are *de minimis*, and his excessive force claim fails. Defendants are entitled to summary judgment.

**Subjective Component**

Weighing the five factors set out in Lanier, above, Mr. Moseley cannot, subjectively, show Defendants acted maliciously or sadistically to cause him harm. Mr. Moseley was subdued twice for yelling vulgarities at ADOC officials. (Ex. F, p. 64.) The ADOC officials were outnumbered and trying to get control of the dormitory. (Ex. A, B, C & D.) Even other inmates who saw the events unfold feared a riot. Mr. Moseley was

disciplined for violating two major ADOC rules. (Ex. F, p. 64.) Mr. Moseley was examined for injury. (Ex. F, p. 14.) Mr. Moseley's medical records indicate that there was no need for medical treatment as a result of the examination. (Ex. F, p. 14.) Mr. Moseley alleges no suffering caused by lack of treatment. (Court. Doc. No. 1.)

Applying the <u>Hudson</u> factors to the facts, the extent of the injury suffered by Mr. Moseley was minimal. The relation between the need for force and the amount of force used was reasonable considering Mr. Moseley had to be subdued twice. There can be no doubt that the ADOC officials felt threatened, and outnumbered. Finally, Mr. Moseley states that "Officer batton man" attempted to protect his head from hitting a bunk the first time he was subdued. (Court Doc. No. 1.) The Defendants reacted to a volatile situation without violating Mr. Moseley's Eighth Amendment rights, and they are due to be granted summary judgment in their favor.

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-250 (1986). This case is ripe for summary judgment because there is no genuine issue of fact as to the Plaintiff's claims and the Defendants are entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing, Defendants, Horton, Blanding, Boyd, Bromley and Mitchell, respectfully request that this court consider treating this Special Report as a Motion for Summary Judgment, and enter judgment in favor of the Defendants.

RESPECTFULLY SUBMITTED,

        TROY KING
        ATTORNEY GENERAL
        KING047


        s/ *J. Matt Bledsoe*_____
        J. Matt Bledsoe (BLE 006)
        ASSISTANT ATTORNEY GENERAL


ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7443
(334) 242-2433 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 27th day of September, 2006, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Ronald Austin Moseley, #132340
Elmore Correctional Facility
PO Box 8
Elmore, AL  36025


                        s/ *J. Matt Bledsoe*_____
                        J. Matt Bledsoe (BLE 006)
                        ASSISTANT ATTORNEY GENERAL